UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ELENA VASQUEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 5:19-cv-08441-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

This case arises out of the shooting and death of Jennifer Vasquez at the hands of law enforcement on Christmas morning in 2018. Ms. Vasquez's parents, Maria Elena Vasquez and Jose de Jesus Ramos ("Plaintiffs") brought claims against Defendants the City of San Jose and San Jose Police Officers Marco Mercado, Mitchell Stimson, Eliseo Anaya, and Mark Koska (together "Defendants") for Excessive Force under 42 U.S.C. § 1983, Violation of the Fourteenth Amendment, Violation of the California Bane Act, Battery, and Negligence. Dkt. No. 18, First Amended Complaint ("FAC"). Before the Court is Defendants' Motion to Dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 22 (the "Motion"). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Defendants' Motion is **GRANTED in part and DENIED in part**.

**I.  Background**

At approximately 2:10 AM on December 25, 2018, San Jose police received reports of a drive-by shooting near Story Road and Clemence Avenue. FAC ¶ 15. The report indicated that

1    the suspected vehicle was a white Nissan with tinted windows. *Ibid.* A few minutes later, San

2    Jose Officers Brendan Monlux and Marco Mercado responded to the area and a witness informed

3    them that a white car had been involved and had left heading toward Lucretia Avenue. *Ibid.*

4        Five to six minutes after the shooting, Officer Mercado noticed Ms. Vasquez's white

5    Toyota Camry, which does not have tinted windows, driving at a normal speed less than one block

6    from where the shooting took place. *Id.* ¶ 16. Mistaking the car as the one involved in the

7    shooting, Officer Mercado began to pursue the car. *Ibid.* Ms. Vasquez, who was accompanied by

8    a female passenger, had a bench warrant out for her arrest at the time. *Id.* ¶ 17. Knowing she

9    would be taken to jail, she tried to drive to her parents house to say goodbye instead of

10   surrendering herself, leading the police officers on a "high-speed chase." *Id.* ¶¶ 1, 17.

11       On the way, she crashed into a fence and her car got stuck. *Id.* ¶ 18. Defendant-Officers

12   Mercado, Stimson, Anaya, and Koska "boxed in" Ms. Vasquez's car and aimed their guns at her

13   and her passenger. *Ibid.* Ms. Vasquez then attempted to drive away, at a slow speed, but hit the

14   front end of Officer Anaya's empty patrol car and came to a stop. *Ibid.* At that point, Ms.

15   Vasquez's car was stopped and "completely boxed in" and the surrounding streets were empty.

16   *Id.* ¶ 19. Defendant-Officers then shot Ms. Vasquez more than fifteen times in her head, chest,

17   arms, back, and shoulder. *Ibid.* Ms. Vasquez died on the scene. *Id.* ¶ 20.

18       Plaintiffs, Ms. Vasquez's parents, assert causes of action on behalf of Ms. Vasquez for (1)

19   excessive force in violation of the Fourth Amendment under Section 1983 (Claim One), (2)

20   violation of the Fourteenth Amendment under Section 1983 (Claim Three), (3) violation of the

21   Bane Act (Claim Four), (4) battery (Claim Six), and (5) negligence (Claim Seven).[1] Plaintiffs also

22   bring Claims Three and Seven in their own right, seeking damages for their loss of

23   companionship, emotion distress, and various expenses related to Ms. Vasquez's death.[2] *Id.* ¶ 21.

24       Defendants filed an initial motion to dismiss on March 27, 2020 (Dkt. No. 16), which was

---

[1] The FAC does not denominate a second or fifth cause of action.
[2] Plaintiffs initially asserted Claim Four, the Bane Act claim, in their own right, but conceded that claim in their Opposition.

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

United States District Court
Northern District of California

1    mooted by Plaintiffs' filing an amended complaint (Dkt. No. 18). Defendants then filed the

2    present motion to dismiss alleging, in part, that Plaintiffs lack standing to bring claims on behalf

3    of Ms. Vasquez. Motion, pp. 4-5. After the Motion was filed, Plaintiffs submitted affidavits to

4    support their standing to assert claims as successors in interest to Ms. Vasquez (Dkt. Nos. 24, 25),

5    and Defendants withdrew their challenge to Plaintiffs' standing in their reply. Dkt. No. 27

6    ("Reply"), p. 1. Plaintiffs oppose the remainder of Defendants' Motion. Dkt. No. 26

7    ("Opposition").

## II.  Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rule 12(b)(6) issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003).

When deciding whether to grant a motion to dismiss, the court must "accept all well-pled factual allegations as true and construe them in the light most favorable to [Plaintiff]." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The "[f]actual allegations must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Twombly*, 550 U.S. 544, 555-57 (2007). In other words, to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  Discussion

### A.  Fourth Amendment Claim

"Section 1983 imposes liability upon any person who, acting under color of state law,

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

deprives another of a federally protected right." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). A Section 1983 plaintiff must prove two elements: (1) the defendants acted under color of state law, and (2) the defendants deprived plaintiff of a right secured by the Constitution or federal statutes. *Id*. There is no dispute that as police officers, Defendants acted under color of state law.

As to Section 1983's second element, Plaintiffs' claim arises under the Fourth Amendment and its prohibition on unreasonable seizures. "The fourth amendment, applicable to the states through the fourteenth amendment, protects individuals against . . . the use of excessive force." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985); *see Graham v. Connor*, 490 U.S. 386, 394 (1989) ("In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force.").

To determine whether the force used by officers was excessive, the court must "assess whether it was objectively reasonable 'in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation.'" *Gregory v. Cty. of Maui*, 523 F.3d 1103, 1106 (9th Cir. 2008) (quoting *Graham*, 490 U.S. at 397); *see also Tennessee v. Garner*, 471 U.S. 1, 7 (1985) ("[T]here can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment."). The reasonableness of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and its assessment "must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97.

This inquiry "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396. Assessing the governmental interests at stake "requires careful

1   attention to the facts and circumstances of each particular case, including [1] the severity of the
2   crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or
3   others, and [3] whether [she] is actively resisting arrest or attempting to evade arrest by flight." *Id*.
4   at 397.  The most important of these factors is whether the suspect poses an immediate threat to
5   the safety of the officers or others. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en
6   banc).

7       Defendants argue that the complaint fails to state a claim because it does not allege enough
8   facts to show that the use of deadly force was unreasonable.  They argue that the complaint omits
9   key information—for example, "how dangerous the pursuit was or the time in which officers had
10  to react"—without which the only plausible inference is that Defendants' actions were reasonable.
11  Motion, p. 7.  Defendants further contend that the facts alleged are consistent with circumstances
12  in which the Ninth Circuit has found the use of deadly force reasonable. *Id.* at 9 (citing *Wilkinson*
13  *v. Torres*, 610 F.3d 546, 549 (9th Cir. 2010)).

14      In *Wilkinson*, the Ninth Circuit held that the defendant-officers were entitled to summary
15  judgment on the issue of qualified immunity where they had shot and killed the driver of a
16  minivan who had crashed then continued to try and drive away. *Wilkinson*, 610 F.3d at 548-49.
17  In that case, "[t]he minivan was accelerating, its tires were spinning, mud was flying up, and a
18  fellow officer was nearby either lying fallen on the ground or standing but disoriented." *Id.* at 551.
19  The court noted that "[t]he situation had quickly turned from one involving a crashed vehicle to
20  one in which the driver of a moving vehicle, ignoring police commands, attempted to accelerate
21  within close quarters of two officers on foot." *Ibid.*  Given the "tense, uncertain, and rapidly
22  evolving" situation, the Ninth Circuit held that it was reasonable for the officer who fired the shots
23  to believe that the immediate threat to his and his fellow officer's safety justified the use of deadly
24  force. *Ibid.*

25      Unlike in *Wilkinson*, however, Plaintiffs allege that Ms. Vasquez's car was stopped, not
26  accelerating.  Moreover, there are no allegations to suggest that any of the officers in this case had

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
5

United States District Court
Northern District of California

reason to believe that a fellow officer had been injured or killed. While the complaint lacks certain details—such as how fast Ms. Vasquez was driving, how long her car had been stopped, and whether the police issued any warnings before shooting—that will likely be important in determining whether Defendants' actions were reasonable, these details will almost certainly be uncovered in discovery. At the pleading stage Plaintiffs need only allege facts sufficient to support a plausible inference that Defendants acted unreasonably. *Twombly*, 550 U.S. 544, 555-57 (2007) (a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face."). Plaintiffs allege that Defendants mistakenly followed Ms. Vasquez's car and then shot her fifteen times while her car was stopped and completely boxed in on an empty street. Drawing all inferences in favor of Plaintiffs, the Court finds it plausible that Defendants acted unreasonably in these circumstances.

On balance, the Court finds that the facts alleged are sufficient to state a claim for excessive force under the Fourth Amendment. This is especially true given the severity of the intrusion on Ms. Vasquez's Fourth Amendment interests. Indeed, the "use of deadly force implicates the highest level of Fourth Amendment interests both because the suspect has a 'fundamental interest in [her] own life' and because such force 'frustrates the interest of the individual, and of society, in judicial determination of guilt and punishment.'" *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1011 (9th Cir. 2016) (quoting *Garner*, 471 U.S. at 9).

Defendants additionally argue that they are entitled to qualified immunity. Qualified immunity protects officers from challenge to conduct that did not "violate[] a statutory or constitutional right that was clearly established at the time." *City & Cty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quotation omitted). A right is "clearly established" when a court can "identify a case where an officer acting under similar circumstances as [the defendant] was held to have violated" the Constitution. *White v. Pauly*, 137 S. Ct. 548, 552 (2017). In support of their argument that the constitutional right was not "clearly established" in these

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

6

circumstances, Defendants point to *Wilkinson*. They argue *Wilkinson* demonstrates that using deadly force against a driver who "has moved slowly 'in the midst of' officers trying to stop her vehicle" is not a clearly established constitutional violation. Motion, pp. 9-10. The Court disagrees with Defendants' characterization of *Wilkinson* and for the reasons stated above, finds that the facts alleged in the present case are meaningfully distinguishable from those in *Wilkinson*. Therefore, Defendants have not shown that on the face of the complaint they are entitled to qualified immunity. *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (when a defendant asserts qualified immunity in a Rule 12(b)(6) motion to dismiss, "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.").

Thus, Defendants' Motion is **DENIED** as to Claim One.

### B. The Fourteenth Amendment

Defendants also move to dismiss Plaintiffs' cause of action under the Fourteenth Amendment. "Such a claim requires the plaintiffs to prove that the officers' use of force 'shock[ed] the conscience.'" *Gonzalez*, 747 F.3d at 797 (quoting *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008)). To determine whether use of force rises to that level, courts first ask "whether the circumstances are such that actual deliberation by the officer is practical." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1228 (9th Cir. 2013) (quoting *Porter*, 546 F.3d at 1137). "Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience. On the other hand, where a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may be found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Id.* at 1230.

Defendants argue that the FAC does not specifically allege that Defendants had time to deliberate. Motion, p. 10-11. They argue that on the contrary, the complaint illustrates a "fast-paced situation" and "an evolving set of circumstances." *Id.* at 11 (quoting *Porter*, 546 F. 3d at 1139). Defendants argue that the "only conclusion to be drawn from Plaintiffs' allegations is that officers reacted to Vasquez's actions in a fast-paced situation." *Id.* The Court disagrees.

CASE NO.: **5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

7

1    Plaintiffs allege that Ms. Vasquez crashed into a fence, then drove slowly until she came into
2    contact with the patrol car, and then again came to a complete stop. While the complaint does not
3    allege precisely how much time elapsed before Defendants began shooting, it is possible for the
4    Court to infer that sufficient time elapsed for Defendants to have an opportunity to deliberate. *See*
5    *Porter*, 546 F. 3d at 1139-40 ("'deliberation' for purposes of the shocks the conscience test is not
6    [] a literal concept" and is not necessarily tied to the amount of time allowed for consideration
7    before action).

8    Thus, Defendants' Motion is **DENIED** as to Claim Three.

### C. The Bane Act

Defendants assert that Plaintiffs' claim under California Civil Code § 52.1, the Bane Act, fails because Plaintiffs do not establish evidence of a constitutional or statutory violation accompanied by actual or attempted threats, intimidation, or coercion. Motion, pp. 12-13. Specifically, Defendants argue that Plaintiffs fail to allege that Defendants intended to violate Ms. Vasquez's constitutional rights.

The Bane Act offers a state law remedy for constitutional and statutory violations based on intimidation, coercion, and threats. Cal. Civ. Code § 52.1. To show a violation of the Bane Act, a plaintiff must prove that officers "commit[ted] the act in question with the particular purpose of depriving the citizen victim of his enjoyment of the interests protected by that right." *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018). In other words, Plaintiffs must show that Defendants "intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances." *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (quotation omitted).

Plaintiffs argue that Defendants' use of "such extreme force repeatedly, without re-evaluation" is sufficient to show the specific intent required under the Bane Act. Although these allegations may be sufficient to show that the use of force was unreasonable for the purposes of a Constitutional violation, they do not speak to Defendants' intent. The Court finds that nothing in

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

8

the FAC alleges that Defendants acted with the particular purpose of violating Ms. Vasquez's rights. In fact, the FAC alleges that Defendants only pursued Ms. Vasquez by mistake. FAC ¶ 1. Therefore, the Court finds that Plaintiffs fail to adequately allege Defendants' intent sufficient to state a claim under the Bane Act.

Defendants' Motion is **GRANTED** a to Claim Four.

### D. Battery and Negligence

Defendants argue that "[b]attery and negligence are judged by the same basic standard as an excessive force claim: whether officers behaved reasonably under the circumstances." Motion, p. 13. Plaintiffs argue that the Fourth Amendment analysis applies, but that a "California negligence claim allows an additional analysis of the pre-shooting tactics to determine if the shooting was unreasonable." Opposition, p. 13.

For the same reasons that the FAC adequately alleges that Defendants' conduct was unreasonable for the purposes of the Fourth Amendment, the Court finds that the negligence and battery claims likewise survive the motion to dismiss. Therefore, Defendants' Motion is **DENIED** as to Claims Six and Seven.

## IV. Conclusion

For the reasons state above, Defendants' Motion is **GRANTED** as to Claim Three and otherwise **DENIED**. Claim Three is **DISMISSED** without prejudice. If Plaintiffs intend to file an amended complaint, they shall do so by no later than September 16, 2020.

**IT IS SO ORDERED.**

Dated: August 17, 2020

EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:19-CV-08441-EJD**
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS
9