**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com

**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ELENA VASQUEZ, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ; JOSE DE JESUS RAMOS, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.<br><br>Defendants. | Case No.: 5:19-cv-8441<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br>(42 U.S.C §1983)<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. This case arises out of the shooting death of Jennifer Vasquez on Christmas morning in 2018. San Jose Police Officers were responding to a driveby shooting call and mistook Decedent Jennifer Vasquez's white car for the suspect's car. San Jose Officers commenced a car chase of Decedent Vasquez, which resulted in her crashing into a post. San Jose officers surrounded her car and threatened to shoot her. In fear for her life, she attempted to drive away again at which point Officers Mercado, Stimson, Anaya and Koska opened fire and killed Jennifer Vasquez. Afterwards, officers realized their mistake.

# JURISDICTION

2. This action arises under Title 42 of the United States Code §1983. The unlawful acts and practices alleged herein occurred in the San Jose, California, which is within this judicial district. Title 28 United State Code §1391(b) confers venue upon this Court.

# PARTIES

3. Plaintiff MARIA ELENA VASQUEZ is a competent adult and sues in both her individual capacity and as a co-successor-in-interest to Decedent JENNIFER VASQUEZ. Plaintiff VASQUEZ is the biological mother of Decedent. Decedent JENNIFER VASQUEZ died unmarried and without children. Plaintiff brings these claims individually and on behalf of Decedent JENNIFER VASQUEZ pursuant to California Code of Civil Procedure §§377.20 et seq. and 377.60 *et seq.* which provide for survival and wrongful death actions. Both the wrongful death and survival claims survive the death of JENNIFER VASQUEZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62. Plaintiff also brings her claims on the basis of 42 USC §§1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also

brings these claims as Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

4. PLAINTIFF JOSE DE JESUS RAMOS is a competent adult and is a co-successor-in-interest to Decedent JENNIFER VASQUEZ. PLAINTIFF RAMOS is the biological father of Decedent JENNIFER VASQUEZ. Decedent JENNIFER VASQUEZ died unmarried and without children. Plaintiff brings forth claims on behalf of Decedent JENNIFER VASQUEZ pursuant to California Code of Civil Procedure §§377.20 *et seq.* and 377.60 *et seq.* which provide for survival and wrongful death actions. Both the wrongful death and survival claims survive the death of JENNIFER VASQUEZ; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure §377.62. Plaintiff also has right to claims on the basis of 42 USC §§1983 and 1988, the United States Constitution, and federal civil rights law.

5. Defendant MARCO MERCADO at all material times was employed as a law enforcement officer by Defendant CITY OF SAN JOSE, and was acting within the course and scope of that employment.

6. Defendant MITCHELL STIMSON at all material times was employed as a law enforcement officer by Defendant CITY OF SAN JOSE, and was acting within the course and scope of that employment.

7. Defendant ELISCO ANAYA at all material times was employed as a law enforcement officer by Defendant CITY OF SAN JOSE, and was acting within the course and scope of that employment.

8. Defendant MARK KOSKA at all material times was employed as a law enforcement officer by Defendant CITY OF SAN JOSE, and was acting within the course and

scope of that employment.

9. Defendant SAN JOSE ("Defendant City") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of California that manages and operates the SAN JOSE POLICE DEPARTMENT.

10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  Plaintiffs will amend this complaint to allege the true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants and each of them, acted within the course and scope of their employment for CITY OF SAN JOSE.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

14. Plaintiffs filed a government tort claim, which was rejected on June 28, 2019.

# STATEMENT OF FACTS

15. On or about 2:08 AM on December 25, 2018, an unknown suspect committed a driveby shooting at or about Story Road and Clemence Avenue. At 2:10 AM, police radio dispatched that a driveby shooting had occurred that involved a white Nissan with tinted windows. At 2:13 AM, five minutes after the shooting, San Jose Officer Brendan Monlux and Marco Mercado responded to the area. A witness informed Ofc. Monlux at the scene that a white car was involved and had left heading toward Lucretia.

16. Five minutes to six minutes after the shooting, Ofc. Mercado noticed Jennifer Vasquez's white Toyota Camry with clear windows a half-block from the location where the shooting took place and driving at a normal speed. Despite the fact that the model of the car did not match, did not have tinted windows, and that the car had only allegedly traveled a half-block in five to six minutes, Ofc. Mercado identified it as being involved in the shooting and began to pursue the car.

17. Decedent Vasquez and her passenger were both females. Ms. Vasquez had a bench warrant out for her arrest and when Ofc. Mercado began to pursue her she thought she would be taken to jail on Christmas morning without seeing her parents so she began to drive to her parents' address to say goodbye before surrendering herself.

18. However, Ms. Vasquez did not reach home because he crashed on her way home into a fence and her car got stuck. Up to the that point and until officers killed her, Ms. Vasquez had made no aggressive or threatening maneuvers with her car other than to indicate she wanted to escape. Furthermore, the streets were empty and she had not endangered anyone. Defendant San Jose Police Officers Marco Mercado, Mitchell Stimson, Elisco Anaya and Mark Koska boxed in her car and aimed their firearms at Ms. Vasquez and the passenger in her car.

Furthermore, it was apparent to them that these were not the alleged suspects. Nevertheless, at least one of the officers told the others that he planned to shoot Jennifer, despite the fact that Jennifer still appeared to simply attempting to escape and had made no movements with her car to indicate that she intended to injure anyone. Indeed, Ms. Vasquez was afraid officers were going to shoot her and so she drove at a slow speed once she got unstuck but made contact with the front end of an empty patrol car in an attempt to escape coming to a stop.

19. Despite the fact that Ms. Vasquez's car had again come to a stop, that she was completely boxed in, no officers were in immediate danger of being hurt, and the streets were empty, Officers Mercado, Stimson, Anaya and Koska opened fire and shot Ms. Vasquez more than fifteen times in her head, chest, arms, back and shoulder. Officers did not reassess between shots but continuously shot her stopped car that was not endangering any of the officers or anyone else since none were in her path.

20. As a result of the officers excessive and deadly force, Jennifer Vasquez suffered great bodily injury and died on the scene. Furthermore Plaintiff suffered emotional distress and loss of care and comfort of their daughter.

## DAMAGES

21. As a proximate result of Defendants and the yet-to-be-identified Does' conduct, Decedent suffered assault, battery, excessive force, and wrongful death. As a further proximate result of Defendants and Does' conduct, Decedent and Plaintiffs suffered extreme physical injury, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride. Plaintiffs also suffered loss of companionship, comfort and relationship. Decedent suffered loss of his life and enjoyment of his life. Finally, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Decedent;

      b.      Hospital and medical expenses;

      c.      Coroner's fees, funeral and burial expenses;

      d.      Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support and loss of familial association;

      e.      Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual §1983 claim for loss of familial association);

      f.      Jennifer Vasquez's loss of life, pursuant to federal civil rights law; and

      g.      Jennifer Vasquez's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

      h.      Violation of constitutional rights; and

      i.      All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§1983, 1988; California Civil Code §§52, 52.1, California Code of Civil Procedure §1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

22. The conduct of Defendants and Does 1-50 were malicious, wanton, and oppressive. Plaintiffs are therefore entitled to and award of punitive damages against said Defendant and Does.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. §1983)**
*(Plaintiffs against Defendant Officers and DOES 1-25)*

23. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

24. When Defendants and Does shot Decedent, Decedent was not a credible threat, unarmed and outnumbered. Defendants' conduct deprived Decedent of her right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

25. As a result of this misconduct, Defendants and Does are liable for Decedent's

injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Fourteenth Amendment)**
*(Plaintiffs against Defendant Officers and DOES 1-25)*

26. Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

27. By the actions and omissions described above, Defendants violated 42 U.S.C. §1983, depriving Plaintiffs of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution including:

    a. Right to familial association.

28. Defendants subjected Decedent to their wrongful conduct, depriving Decedent and Plaintiffs of rights described herein with reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions. Defendants used excessive force, deprived Plaintiffs of their familial relationship.

29. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth herein.

30. The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of the Bane Act (Cal. Civ. Code §52.1))**
*(Plaintiffs against Defendant Officers and DOES 1-25)*

31. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

32.     Plaintiffs bring this "Bane Act" claim individually for direct violation of their own rights (familial association claim) and Decedent's rights (right to be free from excessive force), and Plaintiffs bring this Bane Act claim as a survival claim pursuant to California Code of Civil Procedure §377.20 *et seq.* for violation of Decedent's rights.

33.     By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' and Decedent's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.     Jennifer Vasquez's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, §13 of the California Constitution;

    b.     Jennifer Vasquez's right to be free from excessive and unreasonable force while in custody, as secured by the Fourth and Fourteenth Amendment to the United States Constitution and by Article 1, §13 of the California Constitution;

    c.     All Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship and society with each other, as secured by the First and Fourteenth Amendments to the United States Constitution.

34.     Defendants used unlawful, excessive and deadly force which violates the Fourth Amendment and violates the Bane Act.[1] Defendants' use of unlawful deadly force against Christian, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

35.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

---

[1] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' and Decedent's rights; none was accidental or merely negligent.

36. Alternatively, Defendants violated Plaintiffs' and Decedent's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    a. Threatening Jennifer Vasquez in the absence of any threat presented by Jennifer Vasquez, or any justification whatsoever;

    b. Threatening violence against Jennifer Vasquez, with the apparent ability to carry out such threats, in violation of Civ. Code §52.1(j);

    c. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    d. Violating multiple rights of Decedent and Plaintiffs; and

    e. Violating all Plaintiffs' rights to familial association by their use of conscience-shocking excessive force and provocative tactics without any legitimate law enforcement purpose.

37. Defendant City of San Jose is vicariously liable, pursuant to California Government Code §815.2, for the violation of rights by its employees and agents.

38. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions, Plaintiffs (individually and/or as Successors in Interest) sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

**SIXTH CAUSE OF ACTION**
**(Battery – Violation of California Penal Code §242)**

*(Plaintiffs against Defendant Officers and DOES 1-25)*

39. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

40. DOES, while working as law enforcement officers for the CITY OF SAN JOSE, and acting within the course and scope of their duties, intentionally shot Decedent without a lawful basis.

41. As a result of the actions of the DOES, Decedent suffered physical injuries. The Does did not have legal justification for using force against Decedent, and the DOES' use of force while carrying out their law enforcement officer duties was an unreasonable use of force.

42. As a direct and proximate result of Defendants' assault and battery of Jennifer Vasquez, Decedent sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
**(Negligence – Wrongful Death & Survival Action)**
*(Plaintiffs against Defendant Officers and DOES 1-25)*

43. Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

44. At all times, Defendants and DOES 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. At all times, Defendants and DOES 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

46. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    a.    to refrain from using excessive and/or unreasonable force against Jennifer Vasquez;

    b.    to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.    to refrain from abusing their authority granted them by law; and

      d.    to refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

47. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

48. Defendant City of San Jose is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code §815.2.

49. As a direct and proximate result of Defendants' negligence, Decedent and Plaintiffs sustained injuries and damages and, against each and every Defendant, is entitled to relief as set forth above.

## JURY DEMAND

50. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendants Mercado, Stimson, Anaya, Koska and DOES 1-50 in a sum according to proof;
4. Attorneys' fees and costs recoverable under 42 U.S.C. §§1983, 1988; California Civil Code §§52, 52.1, California Code of Civil Procedure §1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: September 16, 2020	POINTER & BUELNA, LLP

/s/*Patrick Buelna*
PATRICK BUELNA
LAWYERS FOR THE PEOPLE
Attorney for PLAINTIFFS