NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
MAREN J. CLOUSE, Sr. Deputy City Attorney (228726)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA ELENA VASQUEZ, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ; JOSE DE JESUS RAMOS, individually and as co-successor-in-interest to Decedent JENNIFER VASQUEZ,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>CITY OF SAN JOSE, a municipal corporation; MARCO MERCADO, in his individual as a law enforcement officer for the San Jose Police Department; MITCHELL STIMSON, in his individual as a law enforcement officer for the San Jose Police Department; ELISCO ANAYA, in his individual as a law enforcement officer for the San Jose Police Department; MARK KOSKA, in his individual as a law enforcement officer for the San Jose Police Department and DOES 1-50, inclusive,<br><br>                    Defendant(s). | Case Number: 5:19-CV-08441-EJD<br><br>**DEFENDANT ELISEO ANAYA'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant Eliseo Anaya answers Plaintiffs' Second Amended Complaint ("SAC") as follows:

1. Answering Paragraph 1 of the SAC, Defendant denies the allegations.

2. Answering Paragraph 2 of the SAC, Defendant admits that venue is proper in this Court but denies that any action arose from the incident alleged in the SAC.

3. Answering Paragraph 3 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Maria Elena Vasquez and decedent Jennifer Vasquez and on that basis denies each and every such allegation.  Defendant further denies that any action arose under any statute from the incident alleged in the SAC and denies that Plaintiff asserts any claims under federal or state law.

4. Answering Paragraph 4 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Jose de Jesus Ramos and decedent Jennifer Vasquez and on that basis denies each and every such allegation.  Defendant further denies that any action arose under any statute from the incident alleged in the SAC and denies that Plaintiff asserts any claims under federal or state law.

5. Answering Paragraph 5 of the SAC, Defendant admits that at the time of the incident alleged in the SAC, Marco Mercado was employed as a law enforcement officer by the City of San Jose and was acting in the course and scope of that employment. Except as expressly admitted, Defendant denies the allegations in Paragraph 5.

6. Answering Paragraph 6 of the SAC, Defendant admits that at the time of the incident alleged in the SAC, Mitchell Stimson was employed as a law enforcement officer by the City of San Jose and was acting in the course and scope of that employment. Except as expressly admitted, Defendant denies the allegations in Paragraph 6.

7. Answering Paragraph 7 of the SAC, Defendant admits that at the time of the incident alleged in the SAC, he was employed as a law enforcement officer by the City of

San Jose and was acting in the course and scope of that employment.  Except as expressly admitted, Defendant denies the allegations in Paragraph 7.

8. Answering Paragraph 8 of the SAC, Defendant admits that at the time of the incident alleged in the SAC, Mark Koska was employed as a law enforcement officer by the City of San Jose and was acting in the course and scope of that employment.  Except as expressly admitted, Defendant denies the allegations in Paragraph 8.

9. Answering Paragraph 9 of the SAC, Defendant admits the allegations.

10. Answering Paragraph 10 of the SAC, Defendant denies that any defendant is liable to Plaintiffs on any basis.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies each and every such allegation.  Defendant further responds that, under the Federal Rules of Civil Procedure, Doe Defendants are not permitted.

11. Answering Paragraph 11 of the SAC, Defendant admits the allegations.

12. Answering Paragraph 12 of the SAC, Defendant admits the allegations.

13. Answering Paragraph 13 of the SAC, Defendant denies the allegations.

14. Answering Paragraph 14 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation.

15. Answering Paragraph 15 of the SAC, Defendant denies the allegations.

16. Answering Paragraph 16 of the SAC, Defendant denies the allegations.

17. Answering Paragraph 17 of the SAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation.

18. Answering Paragraph 18 of the SAC, Defendant denies the allegations.

19. Answering Paragraph 19 of the SAC, Defendant denies the allegations.

20. Answering Paragraph 20 of the SAC, Defendant denies the allegations.

21. Answering Paragraph 21 of the SAC, and each subpart thereof, Defendant denies the allegations.

22. Answering Paragraph 22 of the SAC, Defendant denies the allegations.

23. Answering Paragraph 23 of the SAC, Defendant incorporates his responses to each paragraph of the SAC.

24. Answering Paragraph 24 of the SAC, Defendant denies the allegations.

25. Answering Paragraph 25 of the SAC, Defendant denies the allegations.

26. Answering Paragraph 26 of the SAC, Defendant incorporates his responses to each paragraph of the SAC.

27. Answering Paragraph 27 of the SAC, and each subpart thereof, Defendant denies the allegations.

28. Answering Paragraph 28 of the SAC, Defendant denies the allegations.

29. Answering Paragraph 29 of the SAC, Defendant denies the allegations.

30. Answering Paragraph 30 of the SAC, Defendant denies the allegations.

31. Answering Paragraph 31 of the SAC, Defendant incorporates his responses to each paragraph of the SAC.

32. Paragraph 32 of the SAC alleges a legal conclusion to which Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations.

33. Answering Paragraph 33 of the SAC, and each subpart thereof, Defendant denies the allegations.

34. Answering Paragraph 34 of the SAC, Defendant denies the allegations.

35. Answering Paragraph 35 of the SAC, Defendant denies the allegations.

36. Answering Paragraph 36 of the SAC, and each subpart thereof, Defendant denies the allegations.

37. Answering Paragraph 37 of the SAC, Defendant denies the allegations.

38. Answering Paragraph 38 of the SAC, Defendant denies the allegations.

39. Answering Paragraph 39 of the SAC, Defendant incorporates his responses to each paragraph of the SAC.

40. Answering Paragraph 40 of the SAC, Defendant denies the allegations.

41. Answering Paragraph 41 of the SAC, Defendant denies the allegations.

42. Answering Paragraph 42 of the SAC, Defendant denies the allegations.

43. Answering Paragraph 43 of the SAC, Defendant incorporates his responses to each paragraph of the SAC.

44. Paragraph 44 alleges a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations.  Defendant further responds that, under the Federal Rules of Civil Procedure, Doe Defendants are not permitted.

45. Paragraph 45 alleges a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations.  Defendant further responds that, under the Federal Rules of Civil Procedure, Doe Defendants are not permitted.

46. Paragraph 46, and each subpart thereof, alleges a legal conclusion to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations.

47. Answering Paragraph 47 of the SAC, Defendant denies the allegations.

48. Answering Paragraph 48 of the SAC, Defendant denies the allegations.

49. Answering Paragraph 49 of the SAC, Defendant denies the allegations

50. Paragraph 50 purports to be a demand for jury trial to which Defendant is not required to respond.  To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and on that basis denies the allegation.

51. In response to the allegations contained in the Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

AS FOR A FIRST AFFIRMATIVE DEFENSE, Defendant alleges the SAC fails to state a claim upon which relief can be granted.

1  AS FOR A SECOND AFFIRMATIVE DEFENSE, Defendant alleges the SAC fails to state facts sufficient to establish Defendant committed or is otherwise legally responsible for a constitutional violation under 42 U.S.C. § 1983.

AS FOR A THIRD AFFIRMATIVE DEFENSE, Defendant alleges his actions were undertaken in good faith and with reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, and that Defendant's actions do not violate any clearly existing law, entitling Defendant to qualified immunity.

AS FOR A FOURTH AFFIRMATIVE DEFENSE, Defendant alleges that any harm that Plaintiffs suffered was the result of negligent or otherwise wrongful conduct of persons other than any Defendant, including the conduct of the decedent, and that the conduct of persons other than any Defendant was the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

AS FOR AN FIFTH AFFIRMATIVE DEFENSE, Defendant alleges he is entitled to immunity by virtue of the provisions California Government Code sections 800 through 1000, including, but not limited to sections 820.2, 820.4, 820.6, 820.8, 821.6, and 822.2.

AS FOR A SIXTH AFFIRMATIVE DEFENSE, Defendant alleges that his actions were lawful and justified under the facts of the case and that at all times were in defense of self and others.

AS FOR AN SEVENTH AFFIRMATIVE DEFENSE, Defendant alleges that he is protected by the affirmative defenses provided by California Penal Code sections 197, 834a, 835, 835a, 836, and 836.5.

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing by their Second Amended Complaint;
2. That the Second Amended Complaint be dismissed with prejudice;
3. That Defendant be awarded costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury.

Respectfully submitted,

Dated:  September 30, 2020                NORA FRIMANN, City Attorney


By:   */s/ Maren J. Clouse*
         MAREN J. CLOUSE
         Sr. Deputy City Attorney

Attorneys for DEFENDANTS